IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

| | |
|---|---|
| **CRYSTAL ALSTON**<br>10006 Cedarhollow Ln<br>Largo, MD 20774<br><br>　　　　Plaintiff,<br>v.<br><br>**NELNET SERVICING, LLC**<br>C T Corporation System<br>5601 South 59th Street, Ste C<br>Lincoln, NE 68516<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. CAL22-00827<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Crystal Alston, sues defendant Nelnet Servicing, LLC and alleges as follows:

### PRELIMINARY STATEMENT

1.This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et al. ("FCRA") and defamation.

### PARTIES TO ACTION

2.Plaintiff is a natural person that resides in the state of Maryland.

3.Defendant Nelnet Servicing, LLC originates, holds, and services education loans.

### FACTUAL ALLEGATIONS

4.Defendant Nelnet Servicing, LLC ("Nelnet") is reporting 14 student loan tradelines that contain information to the credit reporting agencies (the "CRAs").

5.The tradelines were reporting delinquent for March 2019 thru June 2019 or April 2019 thru June 2019.

6.The tradelines were incomplete because they omitted the fact that Nelnet gave Plaintiff an option to put the loans into forbearance, which Plaintiff requested from Nelnet.

1

7. Plaintiff's loans were not put into forbearance because Nelnet did not properly assist her process her forbearance request.

8. Had Nelnet properly assisted Plaintiff with her request for forbearance, the loans would not have been reported as delinquent.

9. Plaintiff disputed the loans directly with Nelnet and indirectly with via the CRAs.

10. In March 2021, Plaintiff sent a dispute letter directly to Nelnet as well as sending dispute letters to the CRAs.

11. The CRAs received the dispute and forwarded notice of the dispute to Nelnet.

12. Nelnet did not conduct a reasonable investigation and failed to make any corrections to Plaintiff's report.

13. Following Plaintiff's dispute, Nelnet reported inconsistent information to the CRAs, including reporting the same month as delinquent to Equifax but current to Experian. And Nelnet reported another month as current to Experian and delinquent to Equifax.

14. Plaintiff continued to dispute the loans, but Nelnet has not modified its reporting and has not notated that the loans under dispute by Plaintiff.

## COUNT ONE: VIOLATION(S) OF 15 U.S.C. 1681s-2(b)

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E) by failing to conduct a reasonable investigation and properly respond to Plaintiff's disputes.

17. After receiving the dispute via the credit bureau(s), Nelnet merely verified the information on the dispute form—called an ACDV—matched the information in Nelnet's internal system for reporting to credit bureaus.

18. Although the credit bureaus forwarded a copy of Plaintiff's dispute letter, Nelnet did not review or consider the dispute letter and made no inquiry into whether the information in its internal system was accurate.

19. A reasonable investigation would have required Nelnet to review Plaintiff's dispute letter and search other internal systems to verify whether information in its internal system for reporting to the credit bureaus was accurate.

20. In addition to failing to conduct a careful investigation, Nelnet did not accurately report the results of investigation for it failed to even note that the debt was disputed.

21. Nelnet's post-dispute reporting was patently inaccurate for the Defendant omitted mitigating information in its possession.

22. Nelnet's post-dispute reporting was patently inaccurate for the Defendant reported contradictory and/or conflicting information to different CRAs.

23. Defendant's errors were due to its' practice of conducting cursory, superficial investigations rather than conducting a searching, thorough inquiry that is likely to turn up information about the underlying facts and positions of the parties.

24. Defendant processes credit disputes based on the information contained in the ACDV only and do not review the dispute letter that may be attached to the ACDV.

25. Defendant only spend minutes processing a dispute and do not have time to review the dispute letter or any other relevant information provided by the CRA.

26. Defendant adopted a policy of conducting cursory and superficial investigations to save money and resources that are attendant reasonable investigations.

27. As a result of Defendant's violations of 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of

credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

28.     The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles him to recovery under 15 U.S.C. § 1681o.

29.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A.    That the Court award actual damages;

B.    That the Court award maximum statutory damages;

C.    That the Court award maximum punitive damages;

D.    That the Court award costs and any reasonable attorneys' fees; and

E.    That the Court award any such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

Respectfully submitted,

Crystal Alston (Pro Se Plaintiff)
10006 Cedarhollow Ln
Largo, MD 20774
Tel: (240) 463-2448
*Counsel for Plaintiff*